NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHG COMPANIES, INC. d/b/a/ COMPHEALTH, | Civil Action No. 23-14180 |
| Plaintiff, | **OPINION** |
| v. | |
| GARDEN STATE HEALTHCARE ASSOCIATES, LLC, | July 10, 2024 |
| Defendant. | |

**SEMPER**, District Judge.

The current matter comes before the Court on CHG Companies, Inc. d/b/a CompHealth's ("Plaintiff") Motion for Default Judgment against Garden State Healthcare Associates, LLC ("Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). (ECF 8.) The Court has decided this motion upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a corporation with its principal place of business in Cottonwood Heights, Utah. (ECF 1, "Compl." ¶ 2.) Plaintiff enters into agreements with other companies for Physician Locum Tenens Coverage, placing doctors and healthcare providers in temporary assignments. (*Id.* ¶¶ 6-8.) Defendant is a limited liability company with a principal place of business in Bayonne, New Jersey. (*Id.* ¶ 3.) Defendant's sole member, Dr. Mark Spektor, is a citizen of New Jersey. (*Id.* ¶ 4.)

On or about July 27, 2015, CompHealth and an entity named CarePoint Health entered into an Agreement for Physician Locum Tenens Coverage (the "Agreement"). (*Id.* ¶ 6.) The Agreement

was amended on or about November 17, 2017, to change, *inter alia*, the name of the entity contracting with CompHealth under the Agreement to Defendant Garden State Healthcare Associates, LLC. (*Id.* ¶ 7.) Pursuant to the Agreement, CompHealth was to present healthcare professionals to Defendant for Defendant's consideration for temporary assignments at Defendant's facility. (*Id.* ¶ 8.) CompHealth presented and Defendant accepted Dr. Adnan Saver, Dr. Kavan Patel, and Dr. Leon Kogan. (*Id.* ¶¶ 9-10.) CompHealth proceeded to send letters to Defendant confirming Defendant's acceptances and placements of the doctors. (*Id.* ¶ 11.) Dr. Saver, Dr. Patel, and Dr. Kogan provided services to Defendant beginning on or about July 11, 2022 through December 16, 2022, November 23, 2022 through June 12, 2023, and September 30, 2022 through June 26, 2023, respectively. (*Id.* ¶ 12.) CompHealth sent invoices to Defendant for the fees it owes for the doctors. (*Id.* ¶ 13.) Defendant did not pay CompHealth the fees it owes under the Agreement. (*Id.* ¶ 14.)

Plaintiff CompHealth filed the instant lawsuit against Defendant on September 1, 2023, seeking damages related to breach of contract, breach of the implied covenant of good faith and fair dealing, failure to pay an account stated, and unjust enrichment. (*Id.* at 3-5.) Defendant failed to answer or otherwise defend against the Complaint. On October 18, 2023, Plaintiff petitioned the Clerk of the Court for an entry of default against Defendant pursuant to Rule 55. (ECF 6.) The Clerk of the Court entered default against Defendant on October 19, 2023. Defendant has not challenged the default, opposed this motion, or appeared in this action.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Before the Court grants a motion for

default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the Defendants and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Emps. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, No. 17-11727, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

3

### III. ANALYSIS

#### A. Jurisdiction

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, LLC*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. Subject matter jurisdiction here is present pursuant to diversity under 28 U.S.C. § 1332. (ECF 1, Compl. ¶¶ 1-4.) Section 1332 provides that a district court has diversity jurisdiction when: (1) the dispute is between "citizens of different States" and (2) the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). In determining corporate citizenship for purposes of diversity jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff has a principal place of business in Utah and is incorporated in Delaware. (ECF 1, Compl. ¶ 2.)

Additionally, for purposes of diversity jurisdiction, the citizenship of a limited liability company "is determined by the citizenship of its members." *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). In fact, "a limited liability company is a citizen of all the states of its members." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Pursuant to the Complaint, Defendant is organized under New Jersey law, with a principal place of business in Bayonne, New Jersey. (ECF 1, Compl. ¶ 3.) Defendant is alleged to

only have one member, who resides in New Jersey. (*Id.* ¶ 4.) As a result, Defendant is considered a citizen of New Jersey.

Damages are also alleged in the Complaint to be $579,953.92, which is greater than the $75,000 requirement for diversity jurisdiction to be established. Thus, subject matter jurisdiction exists.

The Court also has personal jurisdiction over Defendant. "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alteration in original) (internal quotation omitted). "Courts have applied the *Daimler* rules to limited liability companies with 'equal force.'" *Griggs v. Swift Transp. Co.*, No. 17-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018). As a result, "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation]." *Rodriquez Rivera v. Loto Grp., LLC*, No. 20-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020) (quoting *Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020)). Here, Plaintiff alleges that Defendant's principal place of business is in Bayonne, New Jersey. (*See* ECF 1, Compl. ¶ 3.) Because Defendant is at "home" in New Jersey, this Court has personal jurisdiction over Defendant.

### B. Service of Process

As a limited liability company, Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). In the alternative, service can be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

where service is made." Fed. R. Civ. P. 4(e)(1); *Id.* at 4(h)(1)(A). Service was allegedly made in New Jersey. According to New Jersey law, a limited liability company shall be served "by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on an officer or managing agent or, in the case of a partnership, a general partner[.]" N.J. Ct. R. 4:4-4(a)(5).[1]

Here, Plaintiff provides the Court with an Affidavit of Service dated September 22, 2023. (ECF 3.) The Affidavit of Service indicates that personal service was made upon Defendant's authorized agent, Adrian Hickey Roi, at Defendant's principal place of business. (*Id.*) Thus, the Court is satisfied that it has jurisdiction to enter default judgment and that Defendant was properly served. *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

### C. Sufficiency of Plaintiff's Causes of Action and Damages

After establishing that this Court has jurisdiction, and that service was proper, the Court must determine whether the Complaint states proper causes of action.

#### 1. Count 1: Breach of Contract

Under New Jersey law, a breach of contract claim requires a plaintiff to show: "(1) the parties entered a valid contract; (2) the defendant failed to perform his obligations under the contract; and (3) Plaintiff sustained damages as a result." *Red Roof Franchising, LLC v. Patel*, 564 F. App'x 685, 688 (3d Cir. 2014) (quoting *Murphy v. Implicito*, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007)).

---

[1] Paragraph (a)(1) states that service must be made "[u]pon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf."

The well-pled factual allegations in Plaintiff's Complaint favor entering default judgment against Defendant for breach of contract. Plaintiff sufficiently alleged a contract between the parties, specifically the Agreement between Garden State Healthcare Associates, LLC and Plaintiff. Plaintiff alleges that the Agreement is a valid, written contract, for the period beginning at least November 17, 2017. (ECF 1, Compl. ¶¶ 7, 16.) Plaintiff also sufficiently alleged a breach of the contract. Plaintiff alleges that it performed its part of the contract by "present[ing] healthcare professionals to Defendant for . . . temporary assignments at Defendant's facility." (*Id.* ¶¶ 8-12.) Plaintiff then alleges that several doctors provided services to Defendant from July 2022 through June 2023. (*Id.* ¶ 12.) Defendant failed to pay Plaintiff the fees it owed under the Agreement, which then caused Plaintiff to suffer damages. (*Id.* ¶¶ 14, 18-19.) Plaintiff detailed the execution of the Agreement between the parties and adequately alleged that Defendant failed to pay Plaintiff the fees it owed under the Agreement. Plaintiff also suffered damages because of the breach since Defendant failed to make payments. Finally, there is no indication that Plaintiff failed to perform any of its own contractual obligations. Accordingly, Plaintiff's breach of contract claim is sufficiently pled.

### 2. Count 2: Breach of Covenant of Good Faith and Fair Dealing

Every contract in New Jersey contains an implied covenant of good faith and fair dealing that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 587 (N.J. 1997) (citation omitted); *see Coba v. Ford Motor Co.*, 932 F.3d 114, 124 (3d Cir. 2019). To state a claim that it was breached, "a plaintiff must have 'the right . . . to receive the fruits of the contract' and must show that the defendant had 'improper motive' when interfering with that right." *Coba*, 932 F.3d at 124 (quoting *Wade v. Kessler Inst.*, 798 A.2d 1251, 1259-60

(N.J. 2002)). Plaintiff has shown that it had the right to receive "the fruits of the contract" through the validly executed Agreement. (ECF 8-3.) Moreover, the allegations, taken as true, tend to show that Defendant had improper motive when failing to pay under the Agreement after receiving multiple invoices. (ECF 8-6.) Accordingly, Plaintiff's breach of good faith and fair dealing claim is sufficiently pled.

### 3. Count 3: Unjust Enrichment

Plaintiff alleges there was a contract between Plaintiff and Defendant but pleads in the alternative a claim of unjust enrichment. (ECF 1, Compl. ¶¶ 24-30.) Because this Court finds Plaintiff has adequately stated a breach of contract claim, this Court need not address this alternative theory. *Lincoln Harbor Enters., LLC v. M.Y. Diplomat*, No. 08-526, 2008 WL 5046787, at *5 (D.N.J. Nov. 21, 2008) (citing *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 570 (3d Cir. 2002)).

### 4. Count 4: Account Stated

Plaintiff alleges it is entitled to recover under the theory of account stated. (ECF 1, Compl. ¶¶ 31-39.) As stated *supra*, this Court does not need to address an account stated claim for a default judgment if it found adequate allegations for a breach of contract. *Lincoln Harbor Enters., LLC*, 2008 WL 5046787, at *5.

### D. Whether The Entry of Default Judgment Would Be Proper

Defendant has no meritorious defense based on the limited record before the Court. *See e.g., Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding no meritorious defense where court could not determine its existence since defendant did not respond). Defendant was properly served and failed to appear, defend, or otherwise respond to the complaint. *See supra.* Plaintiff is clearly prejudiced

8

by Defendants' failure to respond as it has been prevented from prosecuting its case and seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) ("Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

Similarly, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4. In this case, there is nothing before the Court to show that Defendants' failure to respond was not willfully negligent. *See id.* (citing *Prudential Ins. Co. of America v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted). Accordingly, the Court will enter default judgment against Defendant as to liability.

**E. Relief**

Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. *Moroccanoil Inc. v. JMG Freight Group LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). To prove damages, Plaintiff submitted the declaration of Victor Garcia, a "Legal Specialist" for Plaintiff, a copy of the Agreement, a copy of the amendment, copies of the invoices sent to Defendant, and the declaration of Sean M. O'Brien, counsel for Plaintiff. (ECF 8-2; ECF 8-3; ECF 8-4; ECF 8-5; ECF 8-6; ECF 8-7.) Plaintiff seeks the $580,835.34 in actual damages that resulted when Defendant did not pay the remaining unpaid balance and accrued interest from July 1, 2023 to September 1, 2023 and from October 1, 2023 to present. These damages are recoverable as compensatory damages under Plaintiff's breach of contract theory. In breach of contract claims, courts "most often" award compensatory damages,

which "put the innocent party into the position he or she would have achieved had the contract been completed." *Totaro, Duffy, Cannova & Co., LLC v. Lane, Middleton & Co., LLC,* 921 A.2d 1100, 1107-08 (N.J. 2007).

The Court finds that Plaintiff is entitled to recover the amount in actual damages it seeks. In the declaration of Victor Garcia, Plaintiff also requests attorneys' fees and costs of suit pursuant to the Agreement. (ECF 8-2.) Plaintiff has incurred $1,745.50 in attorney's fees and $502.00 in costs, totaling $2,247.50. (*Id*.) The Court finds that Plaintiff has made an adequate showing of damages and attorneys' fees and costs. The Court will enter default judgment against Defendant accordingly.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment (ECF 8) is **GRANTED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: André M. Espinosa, U.S.M.J.
    Parties